IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIO BETANCOURT,<br><br>　　　　　Petitioner,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | No. CV-F-06-026 REC<br>(No. CR-F-93-5046 MDC)<br><br>ORDER DENYING FIFTH MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND DIRECTING ENTRY OF JUDGMENT FOR RESPONDENT |

　　　On January 9, 2006, petitioner Lucio Betancourt filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

　　　Petitioner was convicted by jury trial on October 7, 1993 of conspiracy to manufacture a controlled substance, manufacturing a controlled substance and possession of a controlled substance with intent to distribute.  Petitioner was sentenced on February 28, 1994 to 292 months imprisonment. Petitioner's conviction and sentence were affirmed on appeal by the Ninth Circuit on April 13, 1995.  On April 13, 1997,

1

petitioner filed a motion to vacate, correct or set aside sentence pursuant to Section 2255 (CV-F-97-5299 MDC).  This Section 2255 motion was denied by Order filed on October 6, 1997. No appeal was taken by petitioner.  On July 23, 1998, petitioner filed a Section 2255 motion (CV-F-98-5833 MDC).  This motion was dismissed by Order filed on August 18, 1998.  On September 21, 1998, petitioner filed a motion for reconsideration, which was denied by Order filed on September 23, 1998.  On July 5, 2001, petitioner filed another motion for relief under Section 2255 based on the Supreme Court's decision in <u>Apprendi v. New Jersey</u> (No. CV-F-01-5865 MDC).  This motion was denied by Order filed on October 1, 2001.  Petitioner filed a notice of appeal. Petitioner's request for a certificate of appealability was denied by Order filed on November 26, 2001.  On August 2, 2002, the Ninth Circuit denied the request for certificate of appealability.  On December 2, 2004, petitioner filed another Section 2255 motion based on <u>Blakely v. Washington</u> and <u>United States v. Ameline</u> (No. CV-F-04-6635 REC).  This motion was denied by Order filed on February 4, 2005.  Petitioner filed a notice of appeal.  Petitioner's request for a certificate of appealability was denied by Order filed on April 18, 2005.  On June 7, 2005, the Ninth Circuit denied the request for certificate of appealability, noting that petitioner must apply to the Ninth Circuit for authorization to file a second or successive Section 2255 motion.

In petitioner's fifth motion for relief under Section 2255,

petitioner asserts that he is entitled to relief because of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005).

Petitioner, citing McClesky v. Zant, 499 U.S. 467 (1991), argues that the instant motion should not be construed by this court as a "second or successive" motion because his challenge to his sentence under Booker is a new issue that did not exist and could not have been raised at the time he filed his initial Section 2255 motion.

It is not necessary for the court to resolve this issue. Even assuming that petitioner's position is correct, petitioner would not be entitled to relief. Booker is not retroactive to cases on collateral review. United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005).[1]

ACCORDINGLY:

1. Petitioner Lucio Betancourt's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is denied.

2. The Clerk of the Court is directed to enter judgment for respondent.

IT IS SO ORDERED.

**Dated: January 11, 2006**           /s/ Robert E. Coyle
668554                                UNITED STATES DISTRICT JUDGE

---

[1] Petitioner argues that the court should hold the instant motion in abeyance pending resolution by the Supreme Court of Washington v. Recuenco, No. 05-83. The court denies this request. The issue before the Supreme Court in Recuenco does not address the applicability of Booker to cases on collateral review.

3